## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____ **14-cv-1000** _____

**MITCH SHEPPARD, individually and on behalf of all persons similarly situated,**

  **Plaintiff,**

 v.

**WEATHERFORD INTERNATIONAL, LLC F/K/A WEATHERFORD INTERNATIONAL, INC.,**

  **Defendant.**

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

Plaintiff Mitch Sheppard ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against Defendant Weatherford International, LLC f/k/a Weatherford International, Inc. ("Defendant" or "Weatherford"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the laws of the state of North Dakota.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.   Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.   This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  Plaintiff is a resident of this judicial district; a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district; and Defendant does business within this judicial district.

## PARTIES

4.      Plaintiff Mitch Sheppard ("Plaintiff") is an individual currently residing in Wellington, Colorado.  He worked for Weatherford in Colorado, Montana, North Dakota, and Utah from December 2011 through August 2012.  Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to being a Plaintiff in this action.  Plaintiff was employed as a Measurement While Drilling Field Engineer II ("MWD") with Weatherford, performing manual labor on oil rigs.

5.      Defendant ("Weatherford") is a subsidiary of Weatherford International, Ltd. Weatherford International, Inc. was incorporated in Delaware.  Effective March 31, 2013, Weatherford International, Inc. converted its corporate form from a Delaware corporation to a Delaware limited liability company, and changed its name to Weatherford International, LLC.

6.      Weatherford International, LLC currently maintains its corporate headquarters in Houston, Texas.  Weatherford provides equipment and services used in the drilling, evaluation, completion, production, and intervention of oil and natural gas wells worldwide.  Weatherford also offers drilling services, including measurement while drilling and logging while drilling, rotary steerable systems, directional drilling services, controlled pressure drilling, managed pressure drilling, under balanced drilling, air drilling, well testing, drilling-with-casing and drilling-with-liner systems, and surface logging systems.  Weatherford serves exploration, production, and transmission sectors of the oil and natural gas industry.

7.     Weatherford employed Plaintiff and has employed and continues to employ similarly situated employees.

8.     Weatherford employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.     Weatherford's annual gross revenues exceed $500,000.

10.     Weatherford is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

11.     Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in plaintiffs:

> All current or former employees of Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") who performed work for Weatherford in the United States at any time between April 8, 2011 and the present, and who were paid pursuant to a combination of salary plus day rate (also known as "field bonus") (the "FLSA Class").

12.     Plaintiff brings Counts II and III of this lawsuit as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All current or former employees of Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") who performed work for Weatherford in North Dakota at any time between April 8, 2012 and the present, and who were paid pursuant to a combination of salary plus day rate (also known as "field bonus") (the "North Dakota Class").

13.     The FLSA Class and the North Dakota Class are together referred to herein as the "Classes."

14.     Plaintiff reserves the right to redefine the Classes prior to filing his motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), or prior to filing his motion for class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3), and thereafter, as necessary.

**FACTS**

15.     From approximately December 2011 through August 2012, Plaintiff was employed as a MWD Field Engineer II with Weatherford in Colorado, Montana, North Dakota, and Utah.

16.     Plaintiff and the Classes are primarily engaged in manual labor duties such as handling, monitoring and maintaining oil drilling equipment.

17.     The rigs on which Plaintiff and the Classes work are not used as a means of transportation.

18.     Plaintiff and the Classes are classified as non-exempt from the overtime pay mandates of the FLSA and corresponding state wage and hour laws.

19.     Plaintiff and the Classes are paid a fixed salary per week, regardless of the number of hours worked each week.

20.     In addition, Plaintiff and the Classes are paid a lump sum for each day they work in the field.  This lump sum is known as a "day rate" or "field bonus."

21.     Plaintiff and the Classes are also eligible to receive and do receive additional payments, such as car allowances, bonuses and incentive payments.

22.     Weatherford does not maintain accurate records of the hours that Plaintiff and the Classes worked each workday and the total hours worked each workweek as required by the

FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

23.    Plaintiff and the Classes routinely work in excess of forty hours per week each week.

24.    Plaintiff and the Classes do not work a regular fixed number of hours in excess of forty hours each workweek.

25.    Plaintiff estimates that he routinely worked in excess of twelve hours per day, and he often worked shifts in excess of eighteen hours per day.  Plaintiff observed that the members of the Classes routinely work the same schedule which is common in the industry.

26.    Plaintiff and the Classes did not work the same schedule each week.

27.    Plaintiff often worked many days in a row, as required by Weatherford, because the rigs require constant work, and this is common in the industry.

28.    Plaintiff and the Classes did not work the same number of days per week, or the same number of overtime hours (hours over forty) per week.

29.    Neither the day rate nor the salary that Weatherford paid to Plaintiff and similarly situated employees take into account the number of hours worked by Plaintiff and the Classes in a given workweek.

30.    Neither the day rate nor the salary that Weatherford paid to Plaintiff and similarly situated employees are determined with reference to any assigned hourly rate.

31.    Weatherford did not pay Plaintiff and the Classes overtime compensation for hours worked over forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

32.    Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

on behalf of the FLSA Class, as defined above.

33.     Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

34.     Plaintiff and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Weatherford's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Weatherford's common compensation, timekeeping and payroll practices.

35.     Specifically, Weatherford paid Plaintiff and the FLSA Class a set salary per week, plus a lump sum payment for every day they worked in the field, regardless of the number of hours that Plaintiff and the FLSA Class actually worked.

36.     Weatherford paid Plaintiff and the FLSA Class these payments, even though Plaintiff and the FLSA Class do not work a fixed regular number of hours in excess of forty hours each workweek.

37.     The fixed sum paid to Plaintiff and the FLSA Class by Weatherford is not related to any overtime rate calculated from salary payments.

38.     The similarly situated employees are known to Weatherford, are readily identifiable, and can be located through Weatherford's business and human resource records. Weatherford employs many FLSA Class Members throughout the United States.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other

means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for overtime compensation, liquidated damages (or, alternatively,

interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23(a) and

(b)(3) on behalf of himself and the North Dakota Class, as defined above.

40.     The members of the North Dakota Class are so numerous that joinder of all

members is impracticable.  Based on information and belief, the number of North Dakota Class

exceeds forty (40) individuals.

41.     Plaintiff will fairly and adequately represent and protect the interests of the North

Dakota Class because there is no conflict between the claims of Plaintiff and those of the North

Dakota Class, and Plaintiff's claims are typical of the claims of the North Dakota Class.

Plaintiff's counsel are competent and experienced in litigating class actions and other complex

litigation matters, including wage and hour cases like this one.

42.     There are questions of law and fact common to the proposed North Dakota Class

which predominate over any questions affecting only individual Class members, including,

without limitation:  whether Weatherford has violated and continues to violate North Dakota law

through its policy or practice of not paying its non-exempt employees overtime compensation;

whether Weatherford's conduct was willful; and the nature and extent of relief.

43.     Plaintiff's claims are typical of the claims of the North Dakota Class in the

following ways:  1) Plaintiff is a member of the North Dakota Class; 2) Plaintiff's claims arise

out of the same policies, practices and course of conduct that form the basis of the claims of the

North Dakota Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the North Dakota Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and the members of the North Dakota Class; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by members of the North Dakota Class.

44.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the North Dakota Class predominate over any questions affecting only individual Class members.

45.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expenses that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The North Dakota Class is readily identifiable from Weatherford's business and human resource records.  Prosecution of separate actions by individual members of the North Dakota Class would create the risk of inconsistent or varying adjudications with respect to individual North Dakota Class members that would establish incompatible standards of conduct for Weatherford.

46.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many members of the North Dakota Class, while substantial, are not great enough to enable them

to maintain separate suits against Weatherford.

47.     Without a class action, Weatherford will likely retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the North Dakota Class. Plaintiff envisions no difficulty in the management of this action as a class action, and many similar cases have proceeded as class actions without difficulty and have been efficiently resolved.

## COUNT I
### Violation of the FLSA
### (On Behalf of the FLSA Class)

48.     All previous paragraphs are incorporated as though fully set forth herein.

49.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he/she is employed.  *See* 29 U.S.C. § 207(a)(1).

50.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek.  *See* 29 C.F.R. § 778.112.

51.     The FLSA also provides that "a lump sum which is paid for work performed during overtime hours without regard to the number of hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis."  29 C.F.R. § 778.310.

52.     Weatherford's compensation scheme applicable to Plaintiff and the FLSA Class fails to comply with either 29 U.S.C. § 207(a)(1), 29 C.F.R. § 778.112, or 29 C.F.R. § 778.310.

53.     Weatherford knowingly fails to compensate Plaintiff and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

54.     During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

55.     In violating the FLSA, Weatherford has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**Violation of North Dakota Wage Laws**
**(On behalf of the North Dakota Class)**

56.     All previous paragraphs are incorporated as though fully set forth herein.

57.     Title 34 of the North Dakota Century Code and its implementing regulations ("North Dakota Wage Laws") require that employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  *See* N.D. Cent. Code § 34-06; N.D. Admin. Code § 46-02-07-02(4).

58.     The North Dakota Wage Laws also provide that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek.  *See* N.D. Admin. Code § 46-03-01-01(5).

59.     Weatherford's compensation scheme applicable to Plaintiff and the North Dakota Class failed to comply with either N.D. Admin. Code § 46-02-07-02(4) or N.D. Admin. Code § 46-03-01-01(5).

60.     Weatherford knowingly failed to compensate Plaintiff and the North Dakota Class

at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty

hours per week, in violation of N.D. Admin. Code § 46-02-07-02(4) and N.D. Admin. Code §

46-03-01-01(5).

61.     During all relevant times, Plaintiff and the North Dakota Class were covered

employees entitled to the above-described North Dakota Wage Laws' protections.

62.     In violating the North Dakota Wage Laws, Weatherford has acted willfully and

with reckless disregard of clearly applicable provisions of the North Dakota Wage Laws.

**COUNT III**
**Unjust Enrichment Under North Dakota Law**
**(On Behalf of the North Dakota Class)**

63.     All previous paragraphs are incorporated as though fully set forth herein.

64.     Weatherford has received and benefited from the uncompensated labors of

Plaintiff and the North Dakota Class, such that to retain said benefit without compensation would

be inequitable and rise to the level of unjust enrichment.

65.     At all relevant times hereto, Weatherford devised and implemented a plan to

increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the

North Dakota Class without paying overtime compensation for all hours worked.

66.     Contrary to all good faith and fair dealing, Weatherford induced Plaintiff and the

North Dakota Class to perform work while failing to pay overtime compensation for all hours

worked as required by law.

67.     By reason of having secured the work and efforts of Plaintiff and the North

Dakota Class without paying overtime compensation as required by law, Weatherford enjoyed

reduced overhead with respect to their labor costs, and therefore realized additional earnings and

11

profits to its own benefit and to the detriment of Plaintiff and the North Dakota Class.

68.     Weatherford retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

69.     Accordingly, Plaintiff and the North Dakota Class are entitled to judgment in an amount equal to the benefits unjustly retained by Weatherford.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Authorizing prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to be sent to all potential FLSA Class members;

C.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3) on behalf of the North Dakota Class;

D.     Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.     Liquidated and statutory damages to the fullest extent permitted under the law;

F.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  April 8, 2014

Respectfully submitted,


 /s/ Steven L. Woodrow
Steven L. Woodrow
swoodrow@edelson.com
Megan L. Lindsey
mlindsey@edelson.com
EDELSON PC
999 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4877
Fax: 312.589.6378

Shanon J. Carson (PA 85957)*
Sarah R. Schalman-Bergen (PA 206211)*
Alexandra L. Koropey (PA 315240)*
BERGER & MONTAGUE, P.C
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
        sschalman-bergen@bm.net
        akoropey@bm.net

David A. Hughes (ASB-3923-U82D)*
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hardinhughes.com

*Attorneys for Plaintiff*

*\*Application for Admission to be Filed*