**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 14-cv-01000-RM-CBS**

**MITCH SHEPPARD, individually and on behalf of all persons similarly situated,**

    **Plaintiff,**

**v.**

**WEATHERFORD INTERNATIONAL, LLC F/K/A WEATHERFORD INTERNATIONAL, INC. and PRECISION ENERGY SERVICES, INC.,**

    **Defendants.**

---

## AGREED PROTECTIVE ORDER

---

Plaintiff Mitch Sheppard ("Plaintiff") and Defendants Weatherford International, LLC F/K/A Weatherford International, Inc. and Precision Energy Services, Inc. (collectively "Defendants") move for entry of the following Agreed Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) to preserve and maintain the confidentiality of "Confidential Information" which includes, but is not limited to, the following: 1) sensitive personal information; 2) personnel records, including payroll records; 3) confidential business records; 4) trade secret information; and 5) bonus plans and other compensation-related documents, all of which may be disclosed or obtained by the parties during the course of discovery.

The Court specifically finds that good cause exists for entry of this Agreed Protective Order ("Order").

    1.    This Order is necessary to preserve the legitimate privacy interests of all current and any future parties to this litigation as well as all non-parties whose Confidential Information

may be subject to discovery. This Order establishes a procedure for disclosing Confidential Information or documents to the parties in this litigation, imposes obligations on persons receiving Confidential Information or documents to protect the information or documents from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

2. The parties to this lawsuit do not waive any objections raised in response to discovery by agreeing to the entry of this Order, nor does this Order in any way obligate either party to produce any specific documents or records in the future that a party deems inappropriate for production. Nothing contained in this Order shall prejudice the right of any party to urge or contest the alleged relevance or admissibility of any information or documents subject to this Order. Further, this Order shall not be construed or interpreted as a waiver by any party of claims or objections regarding the discoverability of any information sought through discovery in this case.

3. In responding to discovery in this action, the producing party may designate information produced as "Confidential," provided that it is information which the producing party in good faith deems to constitute Confidential Information as that term is defined in the first paragraph of this Order.

4. The following requirements apply to all information that is designated Confidential:

    a) Documents or information designated as "Confidential" shall not be used for any purpose except this litigation, as set forth in this Order.

    b)    The producing party may not make blanket designations of an entire set or category of documents as Confidential, unless the producing party in good faith believes that its interests could not have been protected by identifying narrowly limited portions of those documents as Confidential, and separately produces a set of redacted pages for such pages designated Confidential to be used for public filings.

    c)    The producing party may not make confidentiality designations by labeling an entire disk/CD/DVD as Confidential, and must either mark individual pages as Confidential by bates-stamping them as such, or for documents that cannot be bates-stamped as Confidential due to file type, by identifying in writing by file name the individual files contained therein to be designated Confidential.

    d)    Counsel for a party claiming confidentiality at a deposition or proceeding may on an interim basis designate the information as Confidential by making a statement on the record, or by having the court reporter label the information Confidential, but within ten (10) business days after receipt of a transcript must inform opposing counsel in writing of the Confidential designations of specific portions by page numbers (and, if applicable, by page numbers of exhibits) in order for any content to remain Confidential.

5.    Unless otherwise provided by this Order, all documents or information designated as "Confidential" shall be used solely for the purposes of this litigation and shall not be disclosed

to any person other than a "Qualified Person" as defined in paragraph 6 below. Any such designation must be made by the parties in good faith.

      6.      Neither the recipient of documents or information designated as "Confidential" nor their representatives shall disclose such documents or information to any person other than to an individual on the following list of "Qualified Persons:"

      a)      Plaintiff, Opt-In Plaintiffs and their designated counsel of record in this action;

      b)      Employees of Plaintiff's counsel (including contractors) acting at the direction of counsel and assigned to and necessary to assist such counsel in the preparation or trial of this action;

      c)      Any representative of Defendants and any of Defendants' designated counsel of record in this action;

      d)      Employees of Defendants' counsel (including contractors) acting at the direction of counsel and assigned to and necessary to assist such counsel in the preparation or trial of this action;

      e)      Authors and recipients of such Confidential Information;

      f)      Counsel for the parties may disclose information designated as "Confidential" to retained experts and consultants to assist counsel in this litigation, contingent upon the expert or consultant being provided a copy of this Order and agreeing in writing to be bound by its terms;

      g)     Non-party fact witnesses may review information designated as "Confidential," provided that such witnesses are provided a copy of this Order and agree in writing to be bound by its terms;

      h)     Any legal copying service or other third party who is retained to assist with the preparation or trial of this action, provided each such third party is provided a copy of this Order and agrees in writing to be bound by its terms;

      i)     The Court (including any agent of the Court or the appellate court), any court reporter used during any deposition wherein information designated as "Confidential" is disclosed either through testimony or by introduction of exhibits, or any Mediator agreed upon by the parties and their staff.

7.     A party who seeks to file a document with the Court that has been designated "Confidential" shall file such document under seal, accompanied by a Motion to Restrict, pursuant to ~~D.C. COLO. L CrR 47.1(c)~~ D.C. COLO.LCivR 7.2 . ~~and a statement in substantially the following form:~~

~~This envelope contains documents that were filed in this cause by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and it is neither to be opened nor the contents displayed or revealed except by or upon order of the Court.~~

8.     The party attempting to file documents designated Confidential with the Court shall take all steps necessary to remove social security numbers, exact dates of birth, identifying information, home addresses and telephone numbers, or any other items prohibited from disclosure by statute or the Court.

9. Confidential Information shall not lose its character as confidential simply because the documents are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as Confidential.

10. Confidential Information shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access the information under the express terms of this Order.

11. This Order shall not be construed as an agreement or admission (i) that any information or document designated as Confidential is, in fact, confidential; (ii) that any allegation contained within a document designated as Confidential is correct or true; or (iii) that any document designated as Confidential is authentic, relevant, or material.

12. If documents or information that were designated as Confidential by a party to this action are requested or subpoenaed by any court, administrative agency, legislative body, or any other person not a party to this action, the party to whom the request or subpoena is directed shall (i) immediately notify opposing counsel of the request or subpoena and forward a copy of same to opposing counsel; (ii) provide no less than ten (10) days for opposing counsel to file objections to the request or subpoena before producing the documents or information requested or subpoenaed; and (iii) notify the party who issued the request or subpoena of the existence of this Order and that the information demanded or requested has been designated as Confidential pursuant to this Order. The responsibility for attempting to prevent the disclosure or production of information designated Confidential shall rest exclusively with the party who designated the information as such. If the producing party objects to disclosure, the subpoenaed party shall not

disclose the Confidential Information without the written consent of the producing party or an order of a court or tribunal that has jurisdiction over the subpoena.

13. A party shall designate all other Confidential Information disclosed during any deposition in this matter as Confidential, either during the deposition or by notifying all parties in writing, within ten (10) days of receipt of the transcript, or of the entry of this Order, whichever is later, of the specific documents that contain Confidential Information. Each party shall attach a copy of the written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

14. Nothing shall prevent disclosure beyond the terms of this Order if either party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure. Either party may petition the Court for permission to divulge or disclose information protected by this Order, and the burden of keeping the information as Confidential shall be on the Producing Party.

15. This Order shall not preclude any party from using information or documents designated as "Confidential" during any trial or in motions or other court proceedings in this lawsuit.

16. The inadvertent or unintentional disclosure of Confidential Information by the party who so designated the information, regardless of whether the information was designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matters. The producing party may correct the inadvertent or unintentional disclosure by subsequent written notice promptly after discovery of

the inadvertent failure to designate. The party receiving such written notice will then handle the relevant materials according to the designation and those materials will be fully subject to this Order as if they had been initially designated. Within ten (10) days of issuing a written notice, the producing party shall provide the receiving party with a replacement set of materials with the appropriate designation. Within ten (10) days of receipt of the replacement set, the receiving party shall exercise reasonable, good faith efforts to return the non-designated material, or confirm in writing that it has destroyed it.

17. The provisions of this Order shall survive the conclusion of this action. Within sixty (60) days after the final conclusion of all aspects of this litigation (including the conclusion of any appeal), any party who produced documents designated "Confidential" may request in writing that the other party return or destroy all originals or copies of the Confidential Information produced, provided the requestor pays all costs for the return or destruction of the documents, subject to the following procedures:

    a) The receiving party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; or (iii) are subject to legal hold obligations. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

      b)      The parties shall be entitled to retain copies of court papers (and exhibits thereto), pleadings, deposition and trial transcripts (and exhibits thereto), expert reports, correspondence (including internal correspondence and e-mail), and attorney work product that contain or refer to material designated "Confidential," provided that the terms of this Order will continue to govern any such retained materials.

18.    A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The acceptance or receipt by a party of material designated "Confidential" shall not constitute an admission or concession, or permit an inference that such material is, in fact, Confidential or that such designations has not been waived based on the prior production and treatment of the document. A party may challenge any "Confidential" designation at any time in accordance with the following procedures:

      a)      The party disputing the designation shall notify the producing party of such dispute in writing, specifying the materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials) and specifying the reasons that party believes the materials are not subject to the designation. Counsel for the relevant parties shall confer in good faith in an effort to resolve the dispute.

      b)      If the parties are unable to resolve the dispute within fourteen (14) days of the producing party receiving notice, or until the parties have agreed that they have reached an impasse, either party may present the dispute to the

    Court.  The producing party shall have the burden of proof on such motion to establish the propriety of its "Confidential" designation.  The material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

19. Nothing in this Order shall be construed as precluding a party from seeking additional or reduced protection from the Court against the disclosure or production of any information designated "Confidential" including an order that such information not be disclosed or that it be disclosed only in a designated manner.

20. This Order, once entered by the Court, supersedes any previous verbal or written agreement for confidentiality between the parties.

This Agreed Protective Order is hereby entered this __4th__ day of __August__, 2014.

          _____
          HONORABLE CRAIG B. SHAFFER
          UNITED STATES MAGISTRATE JUDGE